Wardlaw, J.
delivered the opinion of the Court.
The subject of presumptions is a good deal confused by the various terms which have been used to distinguish the different kinds. The presumption of payment, which, in reference to debts not embraced by the statutes of limitations, arises after the lapse of twenty years, is not a presumption of law, — that is, a rule which the Court itself may apply; but is a presumption of fact, recognized by law, from which a conclusion ought to be deduced by a jury. It is, however, one of those strong presumptions which shift the burden of proof; which, from frequent occurrence, have become familiar to the Courts, and which being constantly recommended to juries, from motives of policy have acquired an artificial force, and become as important as presumptions of law. Although the Court itself cannot make such a presumption, a new trial will usually be granted if a jury disregards it.
- It is not understood that, in this case, the Circuit Judge did more than urge upon the jury the well recognized presumption of payment, from lapse of time, and express his unfavorable opinion of the circumstances that had been ad-¿uce(j †0 rebut it. Just as in Williaume v. Gorges, Lord *451 Ellenborough thought that after the lapse of twenty years, the presumption that a judgment had been paid, was not re-1 butted by the circumstances of defendant’s absence and insolvency, and, therefore, directed the jury to find for the defendant.
The matter which, on this head, is most objected to, is that the Judge held that mere acknowledgments, that the debt had not been paid, made after the expiration of the 20 years, were insufficient — that if there had been no payment of interest, no promise to pay, no other sufficient rebutting circumstance, an acknowkledgment, to suffice for rebutting the presumption, should be a distinct admission of the subsisting legal obligation of the debt, unaccompanied by any conduct or expressions indicative of an unwillingness to pay. This Court perceives no objection to the rule thus stated to the jury. The presumption is no legal bar, but it originally was admitted in analogy to the, then, prevailing statute of limitations, and in considering admissions which rebut it, the same principles are applicable as in considering admissions to take a cause of action out of the statute of limitations. ' So long as the lapse of time is merely circumstantial evidence, which, by ordinary inference, creates belief, (as where it is less than 20 years, and is adduced along with other circumstances,) any admissions which oppugn the inference of payment drawn from it, go to the jury along with it, and all are weighed together according to their natural force. But when, by the expiration of full 20 years, the presumption of payment has acquired an artificial force, so that it stands in place of belief, an admission that the payment has not, in fact, been made, cannot of itself destroy the effect which considerations of policy have given to a certain period of time, whether the payment has or has not been made.
This Court is also satisfied with the directions which were given as to the effect of the arrest. One of the pleas averred satisfaction, and more than 20 years had intervened between the enlargement of the defendant and the commencement of the suit.
The body held under a ca. sa. constitutes satisfaction at common law, and this, not less where the body has been discharged without payment, than where payment has been received. An arrest gives prima facie evidence that this satisfaction has been enjoyed: to rebut this evidence, it must appear that the imprisonment ceased in some mode which, by law, constitutes an exception to the general inference of satisfaction from the body taken. If nothing appeared but the facts that the arrest was made, and that the defendant, having failed in his application under the prison bounds Act, was at large, the enlargement consists as well with the supposition that the defendant was discharged by the plaintiff, of their own motion, as with the supposition that he either *452 escaped or was discharged with his own consent, under the Act of 1815.
These facts, taken in connexion with the sales of defendant’s property that were made, the suit on his prison bounds bond, his long enjoyment of liberty undisturbed, yet able to pay, were strong, independent of all artificial presumptions, to shew that the plaintiffs, in fact, discharged the defendant, either because they were, then, hopeless of further satisfaction, or because they received payment.
The motion is dismissed.
Richardson, J. — O’Neall, J. — Evans, J. — and Frost, J. — concurred.

Motion refused.